PEOPLE, PLAINTIFF AND APPELLEE, *v.* PÉREZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in a Prosecution for Adulterating Milk.

No. 1534.—Decided June 10, 1920.

PUBLIC HEALTH—EVIDENCE.—The fact that a person may have adulterated milk in his dwelling-house is not a crime unless it were shown that he offered or kept it for sale.

The facts are stated in the opinion.

*Mr. V. M. Fernández* for the appellant.

*Mr. J. E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal from a judgment of the District Court of San Juan, Section 2, convicting the defendant-appellant of the offense of adulterating milk and sentencing him to six days' imprisonment and the payment of the costs.

The appellant prays for a reversal of the judgment because the facts alleged do not constitute an offense and the *Fiscal* moves for its reversal because the evidence does not support the charge.

The pertinent part of the information reads as follows:

"On or about April 27, 1918, the said Jesús Pérez unlawfully,

.wilfully and maliciously had milk artificially diluted with water at Bayamón, which forms part of the judicial district of San Juan, with the intent to offer the same for sale for other than industrial purposes.''

- The information is similar to the information filed in the case of *People v. Camuñas,* 27 P. R. R. 288, and we there held that having adulterated milk with the intent to offer it for sale as pure is not penalized by the Act approved March 10, 1910.

Moreover, the facts alleged in the information have not been proved, for even if the defendant had milk diluted with water in his dwelling-house, it is not shown that he offered it for sale.   Our decision in the case of *People v. Pérez,* 23 P. R. R. 815, is not applicable to the present case.

The judgment appealed from is reversed and the appellant discharged, without costs.

*Reversed.*

Justices del Toro, Aldrey and Hutchison concurred.
Mr. Justice Wolf took no part in the decision of this case.